UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFERY HART, Individually and For Others Similarly Situated, | |
| Plaintiffs, | |
| v. | Civil Case No. 1:24-cv-2006 |
| VENTURE GLOBAL LNG, INC., | Jury Trial Demanded |
| Defendant. | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary

1. Jeffery Hart (Hart) brings this collective action to recover unpaid wages and other damages from Venture Global LNG, Inc. (Venture Global).

2. Venture Global employed Hart as one of its Straight Time Workers (defined below).

3. Venture Global pays Hart and the other Straight Time Workers by the hour.

4. Hart and the other Straight Time Workers regularly work more than 40 hours a week.

5. But Venture Global does not pay Hart and its other Straight Time Workers overtime.

6. Instead, Venture Global misclassifies Hart and the other Straight Time Workers as independent contractors and pays them the same hourly rate for all hours worked, including hours in excess of 40 a workweek ("straight time for overtime").

7. Venture Global applies its straight time for overtime pay scheme to Hart and its other Straight Time Workers regardless of any allegedly individualized differences.

8. And Venture Global has never paid Hart and the other Straight Time Workers on a salary basis.

1

9. Venture Global's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) by depriving Hart and the other Straight Time Workers of the "time and a half" overtime premium they are owed for hours worked over 40 a workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over Venture Global because Venture Global maintains its principal place of business in Arlington, Virginia.

12. Venue is proper because Venture Global maintains its principal place of business in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Hart has worked for Venture Global at its liquified natural gas (LNG) facility in Port Sulphur, Plaquemines Parish, Louisiana from approximately July 2024 through September 2024.

14. Throughout his employment, Venture Global misclassified Hart as an independent contractor to avoid paying him overtime wages.

15. Instead, Venture Global paid Hart straight time for overtime.

16. Hart's written consent is attached as **Exhibit 1**.

17. Hart brings this collective action on behalf of himself and all other similarly situated employees who worked for, or on behalf of Venture Global, who were paid under its straight time for overtime pay scheme.

18. The putative FLSA collective of similarly situated employees is defined as:

> **All individuals who worked for, or on behalf of, Venture Global who were paid the same hourly rate for all hours worked, including hours worked after 40 in a workweek, at any time during the past 3 years ("Straight Time Workers").**

19. Venture Global is a Delaware corporation headquartered in Arlington, Virginia.

20. Venture Global can be served through its registered agent: **C T Corporation System, 4701 Cox Rd, Ste 285, Glen Allen, Virginia 23060**.

## FLSA Coverage

21. At all relevant times, Venture Global was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. At all relevant times, Venture Global was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

23. At all relevant times, Venture Global was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

24. At all relevant times, Venture Global has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

25. At all relevant times, Hart and the other Straight Time Workers were Venture Global's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

26. At all relevant times, Hart and the other Straight Time Workers were engaged in commerce or in the production of goods for commerce.

27. Venture Global treated Hart and the other Straight Time Workers as employees and dictated the pay and other employment practices it applied to them.

28. Venture Global's misclassification of Hart and the other Straight Time Workers as independent contractors does not alter their status as employees under the FLSA.

**FACTS**

29. Venture Global bills itself as "low-cost producer of North American liquified natural gas (LNG)."[1]

30. Venture Global further touts that the "design model we have developed will soon be the new industry standard" because its "modular plant design . . . is fundamentally less risky than more common, highly customized, 'stick-built' projects."[2]

31. To meet its business objectives, Venture Global hires workers, like Hart and the other Straight Time Workers, to construct, commission, and operate these facilities.

32. Venture Global uniformly misclassifies these workers (including Hart and the other Straight Time Workers) as independent contractors and fails to pay to them overtime wages for the hours they work in excess of 40 a workweek.

33. Venture Global hires and treats Hart and the other Straight Time Workers just like regular employees.

34. Despite misclassifying Hart and the other Straight Time Workers as independent contractors, Venture Global controls all meaningful aspects of their employment.

35. Venture Global controls Hart's and the other Straight Time Workers' rate and method of pay.

36. Venture Global controls Hart's and the other Straight Time Workers' schedules and assignments.

37. Venture Global controls Hart's and the other Straight Time Workers' work.

38. Venture Global requires Hart and the other Straight Time Workers to follow Venture Global's policies, procedures, plans, protocols, and specifications.

---

[1] https://venturegloballng.com/ (last visited November 5, 2024).
[2] https://venturegloballng.com/about/our-strategy/ (last visited November 5, 2024).

4

39. Hart's and the other Straight Time Workers' work must strictly adhere to the quality standards put in place by Venture Global.

40. Hart and the other Straight Time Workers perform their job duties on Venture Global's premises.

41. Hart and the other Straight Time Workers take direction from, and are supervised by, Venture Global personnel.

42. The daily and weekly activities of Hart and the other Straight Time Workers are routine and largely governed by standardized plans, procedures, and checklists created by Venture Global.

43. Virtually every job function is predetermined by Venture Global, including the tools and equipment used at Venture Global's facility, the schedule of work, and related work duties.

44. Without the job Hart and the other Straight Time Workers perform, Venture Global would not be able to complete its business objective of constructing and operating facilities to produce LNG.

45. The work Hart and the other Straight Time Workers perform is therefore an essential and integral part of Venture Global's core business.

46. Hart and the other Straight Time Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

47. Hart and the other Straight Time Workers rely on Venture Global for work and compensation.

48. Hart and the other Straight Time Workers cannot subcontract out the work they are assigned by Venture Global.

49. Hart and the other Straight Time Workers do not substantially invest in the tools required to complete the overall job to which they are assigned by Venture Global.

50. Rather, Venture Global incurs the large-scale business and operating expenses like marketing, PPE, testing equipment, tools, and materials.

51. Hart and the other Straight Time Workers do not market their services while employed by Venture Global.

52. Venture Global sets Hart's and the other Straight Time Workers' work schedules, which effectively prohibit them from working other jobs while working for Venture Global.

53. Venture Global maintains control, oversight, and direction of Hart and the other Straight Time Workers, including, but not limited to, hiring, firing, disciplining, and other employment practices.

54. In sum, as a matter of economic reality, Hart and the other Straight Time Workers are Venture Global's employees.

55. While exact job titles and job duties may differ, these employees are subjected to the same or similar straight time for overtime pay scheme.

56. For example, Venture Global has employed Hart as a Commissioning Specialist at its Plaquemines facility in Port Sulphur, Plaquemines Parish, Louisiana from approximately July 2024 through September 2024.

57. As a Commissioning Specialist, Hart's primary job duties were physically inspecting pumps and other equipment and lining up and manually connecting equipment to pressure test and tightness test pipes and valves by filling them with water and/or gas to check for leaks and other defects.

58. Hart is Venture Global's hourly employee.

59. Specifically, Hart was paid approximately $85 an hour, while working for Venture Global.

6

60. Hart was likewise paid a "per diem" of approximately $146 a day and a "Project Tax Uplift" of approximately $428 a week.

61. Venture Global's records reflect the hours Hart reported working.

62. Hart regularly worked more than 40 hours a week while employed by Venture Global.

63. Hart typically worked a "13 and 1" schedule and worked approximately 12 hours a day for 6 to 7 days a week (72 to 84 hours a workweek).

64. Venture Global prohibited Hart from recording working more than 12 hours in a workday and/or 84 hours in a workweek without preapproval by Venture Global.

65. Despite knowing Hart regularly worked overtime, Venture Global did not pay him overtime wages for the hours he worked in excess of 40 a workweek.

66. Instead, he was paid under Venture Global's straight time for overtime pay scheme.

67. For example, during the September 14 to 20, 2024 pay period, Hart worked 84 hours and was paid the same $85 for all hours worked:

| *** Earning Type | Begin Date | End Date | Rate | Hours | Amount |
|---|---|---|---|---|---|
| PerDiem-Taxable Prorated | 09/14/2024 | 09/20/2024 | | | 1,022.00 |
| Gross Regular Pay | 09/14/2024 | 09/20/2024 | 85.00 | 40.00 | 3,400.00 |
| Holiday Pay | | | | | |
| OT @ 1.0 | 09/14/2024 | 09/20/2024 | 85.00 | 44.00 | 3,740.00 |
| Project Tax Uplift | 09/14/2024 | 09/20/2024 | | | 428.40 |
| ***Total Earnings | | | | 84.00 | 8,590.40 |

68. Because of Venture Global's straight time for overtime pay scheme, Hart did not receive the required "time and a half" overtime premium for the hours he worked over 40 a workweek.

69. The other Straight Time Workers are paid according to Venture Global's same straight time for overtime pay scheme.

70. Like Hart, the other Venture Global Straight Time Workers are paid by the hour.

71. Just as Venture Global maintains records of the hours Hart reported, it also maintains records of the hours the other Straight Time Workers reported.

72. Venture Global's records show the other Straight Time Workers, like Hart, regularly work more than 40 hours a workweek.

73. Every Straight Time Worker worked more than 40 hours in at least one workweek during the last three years.

74. Indeed, like Hart, the Straight Time Workers typically work 12 hours a day for 6 to 7 days a week (72 to 84 hours a workweek).

75. Despite knowing the Straight Time Workers regularly work overtime, Venture Global does not pay them premium overtime wages.

76. Instead, they are paid the same hourly rate for all hours worked, including hours worked in excess of 40 a workweek under Venture Global's straight time for overtime pay scheme.

77. And Hart and Venture Global's other Straight Time Workers were never paid on a "salary basis."

78. Hart and the other Straight Time Workers are not paid a guaranteed sum on a weekly or less frequent basis that is not subject to reduction based on the quality or quantity of work, while working for Venture Global.

79. Rather, any alleged "salary" Venture Global purports Hart and the other Straight Time Workers are paid is subject to reduction—and is in fact reduced—based on the quality or quantity of work performed.

80. Indeed, Hart and the other Straight Time Workers are only paid for the hours they actually work.

81. But even if Venture Global had paid Hart and the other Straight Time Workers a guaranteed weekly salary (it did not), the "salary" would not bear a "reasonable relationship" to their actual weekly earnings. *See* 29 C.F.R. § 541.604(b).

82. For example, Hart's total earnings for the September 14 to 20, 2024 pay period was $8,590.40, more than two and a half times his "Regular Pay" of $3,400.

83. Thus, Venture Global never paid Hart and the other Straight Time Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 677, 685 (2023); *see also* 29 C.F.R. § 541.604(b).

84. Because Hart and Venture Global's other Straight Time Workers are not paid on a "salary basis," these workers are all non-exempt employees entitled to premium overtime wages.

85. Moreover, these employees primarily perform non-exempt, manual job duties.

86. Hart's and the other Straight Time Workers' primary duties do not include supervising other Venture Global employees.

87. Hart's and the other Straight Time Workers' primary duties are not management.

88. Hart's and the Straight Time Workers' primary duties do not require the exercise of independent judgment or discretion with respect to matters of significance.

89. In sum, Hart and the other Straight Time Workers are non-exempt employees entitled to overtime wages.

90. But Venture Global does not pay them premium overtime wages when they work more than 40 hours in a workweek.

91. Instead, Venture Global pays Hart and its other Straight Time Workers under its straight time for overtime pay scheme, in willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

92. Like Hart, the other Straight Time Workers are uniformly victimized by Venture Global's straight time for overtime pay scheme.

93. Other Straight Time Workers worked with Hart and indicated they were paid in the same manner, subject to Venture Global's straight time for overtime pay scheme.

9

94. Based on his experience with Venture Global, Hart is aware Venture Global's straight time for overtime pay scheme was imposed on other Straight Time Workers.

95. The Straight Time Workers are similarly situated in the most relevant respects.

96. Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime pay.

97. Any relevant exemption defenses would require Venture Global to pay the Straight Time Workers on a "salary basis."

98. Because Venture Global fails the "salary basis" test with respect to the Straight Time Workers, the specific job duties performed are largely irrelevant.

99. The only *relevant* inquiry is whether the Straight Time Workers were paid "straight time" when they worked more than 40 hours in a week (which, by definition, they were).

100. Therefore, the specific job titles or precise job locations of the various Straight Time Workers do not prevent collective treatment.

101. Rather, Venture Global's uniform straight time for overtime pay scheme renders Hart and the other Straight Time Workers similarly situated for the purposes of determining their right to overtime pay.

102. Venture Global's records reflect the number of hours Hart and the other Straight Time Workers recorded working each week.

103. Venture Global's records also show Hart and the other Straight Time Workers were paid "straight time," instead of "time and a half," for their overtime hours.

104. The back wages owed to Hart and the other Straight Time Workers can therefore be calculated using the same formula applied to the same records.

105. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Venture Global's records, and there is no detraction from the common nucleus of liability facts.

106. Therefore, the issue of damages does not preclude collective treatment.

107. Hart's experiences are therefore typical of the experiences of the other Straight Time Workers.

108. Hart has no interest contrary to, or in conflict with, the Straight Time Workers that would prevent collective treatment.

109. Like each Straight Time Worker, Hart has an interest in obtaining the unpaid wages owed under federal law.

110. Hart and his counsel will fairly and adequately protect the interests of the Straight Time Workers.

111. Indeed, Hart retained counsel with significant experience in handling complex collective actions.

112. A collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

113. Absent this collective action, many Straight Time Workers will not obtain redress for their injuries, and Venture Global will reap the unjust benefits of violating the FLSA.

114. Further, even if some of the Straight Time Workers could afford individual litigation, it would be unduly burdensome to the judicial system.

115. Indeed, the multiplicity of actions would create hardship to the Straight Time Workers, to the Court, and to Venture Global.

116. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Workers' claims.

117. Hart knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

118. As part of its regular business practices, Venture Global intentionally, willfully, and repeatedly violated the FLSA with respect to Hart and the other Straight Time Workers.

119. Venture Global's straight time for overtime pay scheme deprived Hart and the other Straight Time Workers of the premium overtime wages they are owed under federal law.

120. There are many similarly situated Straight Time Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

121. The Straight Time Workers are known to Venture Global and are readily identifiable through Venture Global's business and personnel records.

**VENTURE GLOBAL'S VIOLATIONS WERE WILLFUL**

122. Venture Global knew it controlled Hart's and the other Straight Time Workers' rates of pay.

123. Venture Global knew it controlled Hart's and the other Straight Time Workers' method of pay.

124. Venture Global knew it controlled Hart's and the other Straight Time Workers' work schedules.

125. Venture Global knew it prohibited Hart and the other Straight Time Workers from straying from Venture Global's procedures, specifications, and other protocols in performing their job duties.

126. Venture Global knew it did not require Hart and the other Straight Time Workers to possess any specialized skillset other than that maintained by all workers in their respective job positions.

127. Venture Global knew Hart's and the other Straight Time Workers' work was integral to Venture Global's core business operations.

128. Venture Global knew its investment in the tools and equipment necessary for Hart and the other Straight Time Workers to perform their jobs relatively outweighed any investment made by these workers.

129. Venture Global knew Hart and the other Straight Time Workers relied on it for work and compensation.

130. Venture Global knew it controlled Hart's and the other Straight Time Workers' opportunity for profit or loss and that it limited their opportunity for profit or loss to the single hourly rate they were paid while employed by Venture Global.

131. Thus, Venture Global knew, should have known, or recklessly disregarded whether, as a matter of economic reality, Hart and the other Straight Time Workers were Venture Global's employees.

132. Nonetheless, Venture Global misclassified Hart and the other Straight Time Workers as independent contractors.

133. Venture Global's misclassification of Hart and the other Straight Time Workers as independent contractors was designed to mask its violation of the FLSA.

134. Venture Global's misclassification of Hart and the other Straight Time Workers as independent contractors was neither reasonable, nor was its decision to misclassify Hart and the other Straight Time Workers as independent contractors made in good faith.

135. Venture Global knew it was subject to the FLSA's overtime provisions.

136. Venture Global knew the FLSA required it to pay non-exempt employees, including Hart and the other Straight Time Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 each workweek.

137. Venture Global knew Hart and each Straight Time Workers worked more than 40 hours in at least one workweek during relevant period because it required them to report their hours.

138. Venture Global knew Hart and the other Straight Time Workers were its hourly employees.

139. Venture Global knew Hart and its other Straight Time Workers were paid by the hour.

140. Venture Global knew Hart and its other Straight Time Workers were paid straight time for overtime.

141. Venture Global knew it did not pay Hart and its other Straight Time Workers on a "salary basis."

142. Venture Global knew it did not pay Hart and its other Straight Time Workers any guaranteed sum on a weekly or less frequent basis that was not subject to reduction based on the quantity or quality of work.

143. Venture Global knew that any purported weekly base "salary" it claims Hart and its other Straight Time Workers received was not "reasonably related" to their actual weekly earnings.

144. Venture Global knew its straight time for overtime pay scheme did not satisfy the FLSA's "salary basis" test.

145. Venture Global knew it needed to pass the "salary basis" test to qualify for any exemptions it could claim with respect to Hart and the other Straight Time Workers.

146. Nonetheless, Venture Global uniformly misclassified Hart and its other Straight Time Workers as exempt employees and refused to pay them overtime wages.

147. Venture Global's decision to misclassify Hart and its other Straight Time Workers as exempt employees was neither reasonable, nor was it made in good faith.

148. Venture Global's failure to pay Hart and its other Straight Time Workers overtime wages was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

149. Venture Global knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA.

150. Venture Global knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived Hart and the other Straight Time Workers of overtime wages, in willful violation of the FLSA.

## CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

151. Hart brings his FLSA claims as a collective action on behalf of himself and the other Straight Time Workers.

152. Venture Global violated the FLSA by employing non-exempt employees, Hart and the other Straight Time Workers, in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

153. Venture Global's unlawful conduct harmed Hart and the other Straight Time Workers by depriving them of the overtime wages they are owed.

154. Accordingly, Venture Global owes Hart and the other Straight Time Workers the difference between the rate actually paid and the proper overtime rate.

155. Because Venture Global knew, or showed reckless disregard for whether, its straight time for overtime pay scheme violated the FLSA, Venture Global owes these wages for at least the past 3 years.

156. Venture Global is also liable to Hart and the other Straight Time Workers for an additional amount equal to all their unpaid wages as liquidated damages.

157. Finally, Hart and the other Straight Time Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## JURY DEMAND

158. Hart demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Hart, individually and on behalf of the other Straight Time Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the Straight Time Workers allowing them to join this action by filing a written notice of consent;

b. An Order finding Venture Global liable to Hart and the other Straight Time Workers for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

c. A Judgment against Venture Global awarding Hart and the other Straight Time Workers all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA;

d. An Order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Dated: November 8, 2024							Respectfully submitted,

**BUTLER CURWOOD, PLC**

By: /s/ *Zev H. Antell*
Harris D. Butler, III (VSB No. 26483)
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Phone: (804) 648-4848
Fax: (804) 237-0413
harris@butlercurwood.com
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:     (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:     (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR HART
& THE STRAIGHT TIME WORKERS**